# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| SUSAN MORGAN, | : Case No.1:11-cv-329 |
| Plaintiff, | : |
| v. | : |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | : |
| Defendant. | : |

## VERIFIED COMPLAINT

SUSAN MORGAN (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in North Carolina, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Durham, Durham County, North Carolina.

6. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

7. Defendant is a collection agency with a business office in Norfolk, Virginia.

8. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

9. Defendant calls Plaintiff seeking and demanding payment of an alleged debt.

10. On March 23, 2011 Plaintiff spoke with one of Defendant's agents and made a verbal agreement to make payment towards the alleged debt owed.

11. Specifically, Plaintiff agreed to pay Defendant the sum of $400.00 on March 31, 2011, and further agreed to make payment in the sum of $75.00 at the end of each following month, with her account to be reviewed after one year.

12. However, as Plaintiff had not received any written correspondence either before or after the March 23, 2011 conversation with Defendant, she became fearful that the Defendant was not a legitimate business or would not honor the March 23 agreement and therefore called Defendant on March 30 to request a stop on the first payment scheduled to be withdrawn on March 31, 2011 and requested a debt validation letter and a settlement confirmation letter prior to the first payment being deducted from her banking account.

13. During the March 30 conversation, Defendant informed Plaintiff that a debt validation letter had been sent to her via postal mail on January 11, 2011. However, Plaintiff did receive any such letter. Further, Defendant informed Plaintiff that stopping the draft on

March 31, 2011 would cancel the settlement agreement. Plaintiff again informed Defendant that she did not wish to make any payments to Defendant until she received something in writing from the Defendant.

14. Accordingly, Defendant agreed to cancel the payment and to send Plaintiff an initial debt validation letter.

15. Despite the conversation held between Plaintiff and Defendant on March 30, 2011, the very next day, Defendant took out the $400.00 payment from Plaintiff's banking account.

16. .On April 1, 2011, Plaintiff received a settlement letter from Defendant but did not receive an initial debt validation letter as promised.

17. On April 4, 2011 Plaintiff contacted Defendant to inquire as to why the $400.00 payment was deducted despite her instructions to the contrary. The manager, Ms. Woods, stated that Plaintiff had confirmed that she wished to make payment provided she written correspondence from Defendant via fax transmission. However, such statement was and is false as Plaintiff had explicitly informed Defendant previously that she did not have access to a fax machine and did not want her payment deducted until she received an initial debt validation letter from Defendant via mail. In response, Ms. Woods said she would need to listen to the recorded tape pertaining to the initial conversations between Plaintiff and Defendant and she would contact Plaintiff later that week to discuss further.

18. On April 12, 2011, as Plaintiff did not hear back from Ms. Woods, Plaintiff called to follow up on the issue. Ms. Woods informed Plaintiff that the "tape" stated that Plaintiff wanted her account to be deducted for the initial payment. Although this statement is inaccurate, Ms Woods agreed to refund the payment and cancel the settlement. However,

3

PLAINTIFF'S VERIFIED COMPLAINT

she stated that she could not guarantee a refund because Plaintiff had agreed to the deduction.

19. To date, Plaintiff has not received a refund of any sorts for the unauthorized withdraw from her bank account.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    b. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means to collect a debt when Defendant agreed to cancel the payment and to send Plaintiff an initial debt validation letter, but ended up drafting Plaintiff's account and failed to send a debt validation letter.

    c. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect a debt that is not authorized by the agreement because Plaintiff did not authorized the draft.

Wherefore, Plaintiff, SUSAN MORGAN, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC for the following:

21. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

23. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, SUSAN MORGAN, demands a jury trial in this cause of action.

Dated: April 28, 2011  RESPECTFULLY SUBMITTED,

By: /s/ Christopher D. Lane

Christopher D. Lane, Esq.
NC Bar ID # 20302
3802-A Clemmons Road
Clemmons, NC 27012
Phone: 336 765-8085
Fax: 336 766-9145
cdllaw@juno.com

*Of Counsel*
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

Attorneys for Plaintiff,
SUSAN MORGAN

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NORTH CAROLINA

Plaintiff, SUSAN MORGAN, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, SUSAN MORGAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

04/26/2011
Date

_____
SUSAN MORGAN

PLAINTIFF'S VERIFIED COMPLAINT

6